UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/11/2022

NELSON CHANG, KWAKU NTOSO, JIA PENG, and LISA WRIGHT,

               Plaintiffs,

-against-

MIZUHO SECURITIES USA LLC and MIZUHO BANK (USA),

               Defendants.

No. 1:21-cv-3874-CM

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

McMahon, J.:

Plaintiffs Nelson Chang, Kwaku Ntoso, Jia Peng, and Lisa Wright ("Plaintiffs") bring this action for discrimination and retaliation in violation of 42 U.S.C. § 1981 ("Section 1981"), Title VII of the 1964 Civil Rights Act ("Title VII"), and New York City Human Rights Law ("NYCHRL") against their former employers, Mizuho Securities USA LLC ("Mizuho Securities") and Mizuho Bank (USA) ("Mizuho Bank," together "Defendants").

Defendants move to dismiss the First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. No. 24). Plaintiffs oppose the motion. (*See* Dkt. No. 28).

The complaint in this action is, while not perfect, rather detailed, and alleges, in terms that are sufficient at the pleading stage, enough facts to allow these plaintiffs to move forward in the litigation process. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'"). While discrimination and retaliation claims under Section 1981, Title VII, and NYCHRL are "analyzed pursuant to . . . the *McDonnell Douglas* burden-shifting evidentiary framework," at the pleading stage, "the allegations in the complaint need only give plausible support to the reduced prima facie requirements that arise under *McDonnell Douglas*." *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015) (citing *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010)); *see Malena v. Victoria's Secret Direct*, LLC, 886 F.Supp.2d 349, 361–62 (S.D.N.Y. 2012). Stated otherwise, "the ordinary rules for assessing the sufficiency of a complaint apply." *Harper v. New York City Housing Authority*, 673 F.Supp.2d 174, 180 (S.D.N.Y. 2009) (citing *Twombly*, 550 U.S. at 570; *Iqbal*, 129 S.Ct. at 1950). The Court finds that applying this standard and drawing all reasonable inferences in favor of the Plaintiffs, the FAC is sufficiently plead to survive a motion to dismiss.

The Court is under no illusion that a motion for summary judgment will follow discovery; but in a case of this sort, that is the point at which allegations can be deemed either to have substance or be pruned from the case.

For the foregoing reasons, Defendants' motion to dismiss is DENIED.

This constitutes the decision and order of the Court. It is a written opinion.

The Clerk of Court is respectfully directed to terminate the motion at docket number 24.

Dated: April 11, 2022

U.S.D.J.

BY ECF TO ALL COUNSEL