**EPSTEIN
BECKER
GREEN**

Attorneys at Law

Edward M. Yennock
t  212.351.4620
f  212.878.8600
EYennock@ebglaw.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/15/2024

August 8, 2024

Hon. Margaret M. Garnett, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

      Re:   *Nelson Chang et al. v. Mizuho Securities USA LLC et al.*, 21-cv-03874 (MMG)

              **<u>Letter Motion to Quash Notice of Deposition Directed to Apex Witness</u>**

Dear Judge Garnett:

      Defendants Mizuho Bank (USA) and Mizuho Securities USA LLC (collectively, "Mizuho") ask this Court to quash the Notice of Deposition that Plaintiffs have directed to Mizuho executive Jerry Rizzieri, a copy of which is attached as **Exhibit 1**. Mr. Rizzieri is the President and Chief Executive Officer of Mizuho Securities USA LLC and the Head of the Corporate and Investment Bank, Mizuho Americas—one of the two highest-ranking officials in the Mizuho Americas organization. Mr. Rizzieri—who is currently away on block leave—is the quintessential "apex witness." Requiring him to sit for a deposition in this case is unjustifiable.[1]

      Attached as **Exhibit 2** is a series of organizational charts from the period relevant to this case. The names highlighted in yellow and in bolded boxes are *some* of the individuals who have already been deposed, or are scheduled to be deposed, in this case. The list of agreed deponents includes several of the most senior Mizuho officials in the United States—all the way up to Mizuho Americas Head of Investment & Corporate Banking (three levels of management above the Plaintiffs), who reports directly to Mr. Rizzieri:

    (1)   Plaintiff's direct manager, Kris Grosshans, the former Head of Mizuho's Power & Utilities Group ("PUG") in which the Plaintiffs worked. (*Deposed on July 17th.*)

---

[1] Before filing this letter motion, Mizuho's counsel (James Mackinson) contacted Plaintiffs' counsel (Edgar Rivera) by telephone on July 31st to discuss the Notice of Deposition at issue. Mr. Rivera returned the call later that day (at roughly 7:30pm), stated in sum and substance that he was not prepared to discuss the Notice of Deposition, and stated that he would revert upon conferring with his colleague, Jeffrey Liddle. Plaintiffs' counsel did not, however, get back to Defendants' counsel on this issue. Rather, following a deposition held at Defendants' counsel's offices on August 6, 2024, Defendants' counsel (Mr. Mackinson and Edward Yennock) approached Plaintiffs' counsel (Messrs. Liddle and Rivera) to discuss the issue in person at roughly 6:45pm. The parties respective counsel spoke for approximately five minutes. Because Plaintiffs' counsel was unwilling to withdraw the Notice of Deposition directed to Mr. Rizzieri, Mizuho's counsel advised that we believe the parties to be at an impasse.

(2) Mr. Grosshans' former manager, Christopher Stolarski, formerly Mizuho Americas Head of Infrastructure Coverage. (*Deposed on August 7th.*)

(3) Peter Calistri, Chief Operating Officer for Mizuho Americas Investment & Corporate Banking. (*Scheduled to be deposed on August 20th.*)

(4) Liz Ceisler, Mizuho Americas Chief Human Resources Officer. (*Scheduled to be deposed on September 4th.*)

(5) Michal Katz, Mizuho Americas Head of Investment & Corporate Banking, who reports directly to Mr. Rizzieri. (*Scheduled to be deposed on August 14th*).

Mizuho has treated Plaintiffs beyond reasonably with respect to scheduling depositions—including arranging for the *voluntary* appearance of multiple former employees (*e.g.*, Eva Chan, former Human Resources Business Partner, Michael Donohue, a former PUG Managing Director, and Mr. Stolarski), saving Plaintiffs the trouble of serving subpoenas that would be difficult or impossible to enforce given the location of the witnesses.[2] And while Mizuho could have reasonably moved to quash Ms. Katz's and Ms. Ceisler's deposition notices on the grounds that they, too, are apex witnesses, Mizuho stood down on this in the interest of avoiding motion practice. But Plaintiffs' attempt to engender business disruption and multiply costs by demanding Mr. Rizzieri's appearance is a bridge too far.

Mr. Rizzieri is protected by this Court's apex witness doctrine, which insulates high-level company witnesses from testifying unless the party seeking their testimony establishes that the witness: (1) has unique, non-repetitive, firsthand knowledge of the facts at issue; and (2) that other less intrusive means have been exhausted without success.[3] Courts in this District routinely reject attempts by plaintiffs to depose CEOs and high-ranking officials under this doctrine given the potential for abuse and harassment.[4] As one court explained:

> [P]ermitting unfettered discovery of corporate executives would threaten disruption of their business and could serve as a potent tool for harassment in litigation. Accordingly, *where other witnesses*

---

[2] Plaintiffs served "Notices of Deposition," rather than subpoenas, on these and other former employees even though Plaintiffs knew that at least some of them no longer work for Mizuho—in fact, at least one of them (Peter Bickford, another former PUG Managing Director), retired while Plaintiffs were still employed. Rather than simply remind Plaintiffs they need to serve subpoenas, Mizuho was able to secure the voluntary appearances of most of the former employees without the need for a subpoena.

[3] *See Harapeti v. CBS Television Stations Inc.*, No. 21 MISC. 680 (PAE), 2021 WL 3932424, at *2 (S.D.N.Y. Sept. 2, 2021) ("Under [the Apex Witness] doctrine, unless the executive has unique evidence, personal knowledge of the claims at issue, and other witnesses are incapable of providing testimony about the conduct alleged, executives are safeguarded from depositions.") (quotations and citation omitted).

[4] *Kamden-Ouaffo v. Balchem Corp.*, No. 17-CV-2810 (PMH), 2021 WL 1101126, at *4, n.6 (S.D.N.Y. Mar. 23, 2021) ("[D]epositions of senior executives are ordinarily disfavored as they may cause business disruption or represent a form of harassment[.]") (citations omitted).

2

> *have the same knowledge, it may be appropriate to preclude a redundant deposition of a highly-placed executive.*[5]

Recognizing the potential for abuse inherent in hauling senior executives in for testimony, courts have required parties to make a particularized showing of the purported necessity for such testimony.[6]

Plaintiffs can make no such showing here—*certainly* not where they have been permitted to depose Ms. Katz, who sits at the very top of Mizuho Americas Investment & Corporate Banking, the division in which Plaintiffs worked, in addition to Mizuho Americas Chief Human Resources Officer Ms. Ceisler, and the Chief Operating Officer for Mizuho Americas Investment & Corporate Banking, Mr. Calistri. Plaintiffs' counsel have expressed that they purportedly need to depose Mr. Rizzieri because Eva Chan, a former Human Resources employee who left Mizuho three years ago, testified as follows when Plaintiffs' counsel asked her if Mr. Rizzieri made the "final determination" in terms of approving bonuses: "My best guess is Jerry. Again, I wasn't part of the Comp Committee. So I don't know." (*See* **Exhibit 3** (excerpts from the transcript of Ms. Chan's deposition) at 361:21-362:4.) Ms. Chan also testified that "[t]he final decision would have been *maybe* a combination of *Michal* and Jerry and their Comp Committee." (*Id.* at 357:23-25 (emphasis added).) Ms. Chan's "guess"—which Plaintiffs' counsel coaxed out of her to justify harassing a senior official for tactical leverage—as to the unremarkable proposition that a CEO might have a final sign-off on the annual payment of bonuses does not get Plaintiffs *close* to meeting their burden under this District's apex witness doctrine.

Accordingly, Mizuho requests that the Court quash the Notice of Deposition directed to Jerry Rizzieri.[7]

                                                   Respectfully submitted,

                                                   Epstein Becker & Green, P.C.

                                                 */s/ Edward M. Yennock*
                                     By:  Edward M. Yennock
                                           James D. Mackinson
                                           875 Third Avenue
                                           New York, NY 10022
                                           T: (212) 351-4620

---

[5] *Consol. Rail Corp. v. Primary Indus. Corp.*, No. 92 CIV. 4927 (PNL), 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993) (citations omitted) (emphasis added).

[6] *See Guan Ming Lin v. Benihana Nat. Corp.*, No. 10 CIV. 1335 (VM) (JCF), 2010 WL 4007282, at *2 (S.D.N.Y. Oct. 5, 2010) (quashing plaintiffs' deposition notice where the "party is unable to show that [the] high-ranking corporate official possesses knowledge that is both unique and relevant to the issues in the case[.]") (citation omitted) ; *Iowa Public Employees' Retirement System v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 17 CIV. 6221 (KPF), 2020 WL 6273396, *1 (S.D.N.Y. Aug. 28, 2020) (denying plaintiffs' motion to compel deposition of high-ranking executive because they had not demonstrated that the executive possessed "unique evidence, personal knowledge of the claims at issue, or that other witnesses [were] incapable of providing testimony about the conduct alleged.") (citation omitted).

[7] Should the Court require further briefing or argument on the issue, Mizuho respectfully requests the issuance of a protective order in the interim.

eyennock@ebglaw.com

*Attorneys for Defendants*

cc: All counsel of record via ECF

Encl.

---

Motion to quash DENIED IN PART AND GRANTED IN PART. In light of position statements the parties submitted directly to Chambers following the deposition of Michal Katz, it appears that Jerry Rizzieri possesses some personal and unique knowledge that is relevant to the issues in this case and that cannot be provided by other witnesses. *See Chevron Corp. v. Donzinger*, No. 11-cv-00691 (LAK) (JCF), 2013 WL 1896932, at *1 ("[S]enior executives are not exempt from deposition, and because principles relating to apex witnesses are in tension with the broad availability of discovery, it is important to excuse a witness from giving testimony only in compelling circumstances.") (internal citations omitted).

In light of Rizzieri's likely limited unique knowledge of the issues in this case and in light of Plaintiffs' representation of their willingness to limit the deposition time, *see* Dkt. No. 78 at 3, **Plaintiffs may conduct a deposition of Rizzieri not to exceed a half day (3.5 hours).** The parties are reminded that fact discovery closes on September 6, 2024.

The Clerk of Court is directed to terminate Dkt. No. 77.

SO ORDERED.  Date 8/15/2024

HON. MARGARET M. GARNETT
U.S. DISTRICT JUDGE