# THE LIDDLE LAW FIRM PLLC

420 E. 54th St.
Suite 3702
NEW YORK, N.Y. 10022

JEFFREY L. LIDDLE
Mobile Tel: (917) 628-7029
Email: jliddle@liddlelaw.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/10/2024
```

September 4, 2024

**VIA ECF**
Honorable Margaret M. Garnett
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

    Re:  **Chang et al v. Mizuho Securities USA LLC et al**
         **1:21-cv-03874-MMG**
         **Plaintiffs' Motion for an Extension**

Dear Judge Garnett:

    We represent Plaintiffs Nelson Chang, Kwaku Ntoso, Jia Peng, and Lisa Wright in this action against Defendants Mizuho Securities USA LLC and Mizuho Bank (USA). We write to request the following relief:

- An order for Kris Grosshans's deposition to be continued for an additional 5 hours, pursuant to Fed. R. Civ. P. 30(d)(1);
- An extension of time for Plaintiff to respond to Defendants' Contention Interrogatories and Requests for Admission from September 6 and 5, respectively, to October 3;
- An extension of time for Plaintiff to propound their own Contention Interrogatories and Requests for Admission; and
- An extension of fact discovery from September 6 to October 11, 2024.

    This is Plaintiff's first request for an extension. The parties previously jointly requested an extension of fact discovery, and that previous request was granted.

    The reason for the requested extension is that there simply is not enough time for Plaintiffs to respond to Defendants' Requests for Admission (served on August 6), respond to Defendants' contention interrogatories (served on August 7), respond to Defendants' deficiency letter (served on August 26), respond to Defendants' request for a privilege log (served on August 26), and respond to Defendants' additional document requests (served on August 26), while preparing for and taking several depositions (which Defendants scheduled for this week, Jerry Rizzieri for September 3 and Elizabeth Ceisler for September 4), preparing and defending Lisa Wright's continued deposition (September 5), reviewing Defendants continued rolling production of documents (Defendants' produced approximately 1,000 pages since April 2024, with documents

THE LIDDLE LAW FIRM PLLC

Honorable Margaret M. Garnett          -2-                    September 4, 2024

being produced as late as September 3 [over 300 documents], August 19, August 12, and August 5), and moving to compel Defendants to produce documents presently being withheld. At present, all of the above is due within the next two days.

The parties' next scheduled court appearance is October 2, 2024. The parties are not pursuing expert discovery. As such, there are no other existing deadlines.

The parties have met and conferred on these issues.[1] Defendants agree to the following:

- That the parties may "make supplemental document productions that need to be made, or diligently seek relief from the Court regarding any issues that are presented to the Court in a timely manner—even if circumstances dictate that such supplementation needs to be made, or relief needs to be sought, after September 6th."
- "that the September 6 fact discovery deadline does not cut off the parties' obligations to diligently make supplemental productions of documents that they have agreed to search for and produce, including but not limited to documents requested in connection with deposition testimony that fall within the scope of what either side already agreed to produce in response to timely, formal discovery requests."
- "that the parties are continuing efforts to confer regarding Defendants' privilege log and Plaintiffs' promised privilege log. We further agree that if the parties reach impasse after fulfilling our mutual obligations to engage in bona fide efforts to meet and confer, unresolvable disputes may then be promptly raised with the Court after the September 6 fact discovery end date." And,
- "to extend Plaintiffs' time to respond to Defendants' RFAs (timely served on August 6) and contention interrogatories (timely served on August 7) by one week, i.e., to ~~Friday, September 13~~ Monday, September 16, subject to [Plaintiffs'] agreement not to challenge as time-barred any disputes arising from Plaintiffs' responses thereto."

Otherwise, Defendants' counsel "are not inclined to stipulate to an extension" given the time the parties had to complete discovery.

This case involves four Plaintiffs, all of whom were members of Defendants' power and utility group ("PUG"), two Defendants, and twenty-three causes of action.

Since the March 13, 2024 Initial Pretrial Conference, Defendants will have completed the depositions of all four Plaintiffs.

Plaintiffs have completed six depositions, which were Michael Donohue, Eva Chan, Christopher Stolarski, Michal Katz, Peter Calistri, and Gerald Rizzieri. Plaintiffs started Kris Grosshans, using approximately 7 hours. Plaintiffs' counsel, however, could not finish his questioning within the seven-hour limit. Plaintiffs also started Elizabeth Ceisler's deposition but

---

[1] The parties' counsels, Jeffrey Liddle and Edgar Rivera, and Edward Yennock and James Mackinson, discussed these issues by email, telephone and in person since July 17, including an approximately 10-minute conference on August 6, and lengthy and detailed emails on September 3rd and 4th. While some issues have been resolved and others are still being discussed, we believe that we have reached an impasse on those issues presented in this letter and have informed opposing counsel of the same, to which they agree.

THE LIDDLE LAW FIRM PLLC

Honorable Margaret M. Garnett     -3-     September 4, 2024

was unable to complete it due to Defendants' late production of relevant documents the night prior.

There are no outstanding notices of deposition or subpoenas, whether for testimony or documents.

Plaintiffs noticed each of the above-mentioned depositions on a date well in advance of the discovery cut off. Defendants, however, rescheduled them for days, sometimes weeks, later:
- Kris Grosshans, Managing Director, Head of PUG, noticed for July 9, taken on July 17.
- Christopher Stolarski, Managing Director (ret), noticed for July 10, taken on August 7.
- Michael Donohue, Managing Director in PUG, noticed for July 12, taken on July 16.
- Michal Katz, Managing Director, Head of Banking Division, noticed for July 11, taken on August 14.
- Peter Calistri, Chief Operating Officer to Katz, noticed for July 16, taken on August 20.
- Eva Chan, Human Resources Partner for Corporate and Investment Bank, noticed for July 18, taken on July 26.
- Elizabeth Ceisler, Head of Human Resources, noticed for August 2, taken on September 4.
- Jerry Rizzieri, President and CEO of Mizuho Securities USA LLC and head of CIB, Mizuho Americas, noticed for August 16, taken on September 3.

If each of these depositions took place on or about the date noticed, this request for an extension of time would likely not be necessary.

Plaintiffs request an additional 5 hours to complete Kris Grosshans' deposition. Grosshans was Plaintiffs' line manager and the head of Plaintiffs' group, power and utilities, during their employment. Of all the witnesses still with Defendants, he is the only one to have personally evaluated their work product and work performance. He was also responsible for account assignments and the one of the primary discriminators. While Defendants' counsel offered an additional 2 hours, that simply is not enough time. Plaintiffs need an additional 5 hours (12 hours in total) to complete their questioning as to his specific involvement in each Plaintiffs' employment and claims.

Finally, Defendants produced an amended privilege log with over 50 documents and a supplemental production of over 250 documents on September 3. The amended privilege log and documents were produced after 11:00pm the night before the deposition Elizabeth Ceisler. These documents could not be reviewed and made of use for that deposition. We anticipate having to recall Ceisler as a witness to ask limited questions on those documents, once we have had the opportunity to review them.

In order to complete the foregoing, Plaintiffs request this relief.

    Respectfully submitted,

    *Jeffrey L. Liddle*
    Jeffrey L. Liddle

cc:    all counsel of record (via ECF)

Request GRANTED IN PART AND DENIED IN PART. The requests on page 2, to which Defendants have agreed and which the Court has outlined, are GRANTED subject to the Court's annotation of one of the deadlines above. In addition, Plaintiffs may depose Kris Grosshans for an **additional two hours**, provided that the deposition **must be completed within two weeks of the date of this Order**. If, and only if, *Grosshans* is not available to be deposed within two weeks of the date of this Order, the deposition may take place **at a time prior to October 2, 2024**. The other requests for extension are DENIED. The Clerk of Court is directed to terminate Dkt. No. 81.

Additionally, the request at Dkt. No. 80 is DENIED AS MOOT (without prejudice to renewal of the request) in light of the fact that the parties are engaged in a conferral process. The Clerk of Court is directed to terminate Dkt. No. 80.

The parties are reminded that a pre-motion conference will be held on **Wednesday, October 2, 2024 at 9:30 a.m.** Any pre-motion letters in accordance with Rule II(B)(9) of the Court's Individual Rules & Practices must be filed by **September 20, 2024**.

SO ORDERED. Date 9/10/2024

HON. MARGARET M. GARNETT
U.S. DISTRICT JUDGE